**Marquis Aurbach Coffing**
Brian R. Hardy, Esq.
Nevada Bar No. 10068
Alexander K. Calaway, Esq.
Nevada Bar No. 15188
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile: (702) 382-5816
bhardy@maclaw.com
acalaway@maclaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GBT TECHNOLOGIES, INC., a Nevada Corporation, | Case Number: |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| ROBERT WARREN JACKSON, individually; GREGORY BAUER, individually; RWJ ADVANCED MARKETING, LLC, a Georgia Limited Liability Company; W.L. PETREY WHOLESALE COMPANY, INC., an Alabama corporation; DOES I-X, inclusive; and ROE CORPORATIONS I-X, inclusive, | |
| Defendants. | |

Plaintiff GBT TECHNOLOGIES, INC., by and through its attorneys of record, the law firm of Marquis Aurbach Coffing, alleges and complains against Defendants ROBERT WARREN JACKSON; GREGORY BAUER; RWJ ADVANCED MARKETING, LLC; W.L. PETREY WHOLESALE COMPANY, INC.; DOES I-X; and ROE CORPORATIONS I-X, as follows:

## PARTIES

1.    GBT TECHNOLOGIES, INC ("GBT" or "Plaintiff"), formally known as Gopher Protocol, Inc, is, and was at all times relevant to this action, a Nevada corporation, organized under the laws of the State of Nevada. At all times relevant to this action,

MAC:15687-003 4190649_4 11/12/2020 3:42 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

UGOPHERSERVICES CORP ("UGO"), was a wholly owned subsidiary of GBT. UGO has unconditionally transferred, conveyed and assigned to GBT and/or its assigns, any and all claims, rights, causes of action, privileges, damages and potential recovery interests related to the harm suffered by UGO as described herein.

2.     RWJ ADVANCED MARKETING, LLC ("RWJ") is, and was at all times relevant to this action, a Georgia limited liability company with a principal place of business in the State of Georgia and/or State of Alabama and was not formed until March 12, 2017. RWJ was formed by defendants ROBERT WARREN JACKSON and GREGORY BAUER as a shell, to conceal and avoid liabilities. RWJ was incorporated on or about March 13, 2017. RWJ was terminated by the Georgia Secretary of State ("SOS") on or about April 20, 2020 per the state SOS's certification.[1] Plaintiff is informed and believes, and thereon alleges, that RWJ is still operating and still maintains a bank account even after it was terminated. In addition, on or about October 14, 2020, approximately six (6) months after termination, RWJ wired funds between its bank account and the UGO bank account.

3.     ROBERT WARREN JACKSON ("Jackson"), is, and was at all times relevant to this action, an individual that resides in the State of Alabama and/or the State of Georgia. Plaintiff is informed and believes, that Jackson is an owner, officer, and/or director of RWJ and a partner of defendant GREGORY BAUER. Plaintiff is informed and believes, and thereon alleges that at all times relevant, defendants were the alter-ego(s) of RWJ, and exercised control and influence over RWJ to such an extent that adherence to the entity's corporate fiction would sanction a fraud or promote injustice. Plaintiff is informed and believes, and thereon alleges, that Jackson is an owner, officer, and/or director of defendant W.L. PETREY WHOLESALE COMPANY, INC, which is a conglomerate established on or about 1898 that used RWJ as a shell company.

4.     GREGORY BAUER ("Bauer") is, and was at all times relevant to this action, an individual that resides in the State of Alabama and/or the State of Georgia and/or the

---

[1] A true and correct copy of the RWJ SOS Termination is attached hereto as **Exhibit 9**.

MAC:15687-003 4190649_4 11/12/2020 3:42 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

State of Florida. Plaintiff is informed and believes, that Bauer is an owner, officer, and/or director of RWJ and a partner of Jackson. Plaintiff is informed and believes, and thereon alleges that at all times relevant, that Bauer, Jackson, and defendant W.L. PETREY WHOLESALE COMPANY, INC were the alter-ego(s) of RWJ, and exercised control and influence over RWJ to such an extent that adherence to the entity's corporate fiction would sanction a fraud or promote injustice. Moreover, at all relevant times, Bauer was an officer, and/or director of UGO, as well as the Chief Executive Officer of GBT and consultant and exercised control and influence over UGO to such an extent that allowed him to commit crimes described herein.

5.     W.L. PETREY WHOLESALE COMPANY, INC. ("Petrey") is, and was at all times relevant to this action, an Alabama corporation with a principal place of business in the State of Alabama and doing business in the State of Alabama, as more fully described below. Plaintiff is informed and believes, and thereon alleges, that Jackson is an owner, officer, and/or director of Petrey, and that Petrey uses RWJ as a shell company.

6.     The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants named herein as DOES I-X, inclusive, and ROE CORPORATIONS I-X, inclusive, are presently unknown to Interior Electric Nevada and cannot be known or confirmed until such time as discovery is permitted.  Upon information and belief, said DOE and ROE defendants are responsible for damages suffered by Interior Electric Nevada.  As a result, Interior Electric Nevada sues said defendants by such fictitious names.  Interior Electric Nevada will seek leave to amend its pleading to reflect the true names and capacities of each DOE and ROE defendant at such time as the same have been ascertained.

7.     The Court has personal jurisdiction over the defendants because (1) the defendants' residences, domiciles, and business activities and contacts in Nevada have been and continue to be so substantial, continuous, and systematic that the defendants are deemed present in the forum; and (2) the obligations, acts, and omissions complained of in this

MAC:15687-003 4190649_4 11/12/2020 3:42 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1    Complaint were incurred and committed, in whole or in part, in Nevada, and thus, the

2    defendants have had sufficient minimum contacts with this forum such that the exercise of

3    personal jurisdiction over them will not offend traditional notions of fair play and substantial

4    justice.

5                              **JURISDICTION AND VENUE**

6          8.      This Court has subject matter jurisdiction over this action under 28 U.S.C. §

7    1332.

8          9.      Venue is proper in the District of Nevada under 28 U.S.C. § 1391 because a

9    substantial part of the events or omissions giving rise to this action occurred in this District,

10   the alleged acts of infringement took place in this District, defendants reside in this District,

11   and defendants are otherwise subject to the Court's personal jurisdiction.

12                              **GENERAL ALLEGATIONS**

13         10.     Petrey is a corporation that was incorporated in Georgia on or about August

14   1996 as a continuation of a family conglomerate that operated for 100-years as a wholesaler

15   of food, snacks, and other merchandise to mini-markets and grocery stores in the south as

16   well as other regions of the United States.

17         11.     Over the past decade Petrey owned and operated a division named Preway

18   Communications ("Preway") which was, among other things, a prepaid long-distance calling

19   card business.

20         12.     At all relevant times, Bauer was an executive director and employee of Petrey

21   and managed Preway. Plaintiff is informed and believes, and thereon alleges that Jackson is

22   and was the President of Petrey, a major owner of Petrey (50% interest), and a control

23   person of Petrey.

24         13.     The Preway division of Petrey employed about 7-10 employees (not

25   including Bauer and Jackson) who handled the accounting and service matters for the

26   division's business. Said employees were located, both before and after the subject

27   transaction, at Petrey's offices in Alabama. Bauer and Jackson were their managers.

28

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:15687-003 4190649_4 11/12/2020 3:42 PM

14.   Before October 2016, Bauer and Jackson, on behalf of Petrey, approached Darren Dunckel ("Dunckel"), a consultant to GBT, regarding a proposed sale of the Preway division and its assets to GBT, which would include everything necessary to operate the Preway business.

15.   At all times herein mentioned, Bauer and Jackson represented that they were speaking on behalf of Petrey and had its authority to negotiate regarding the proposed sale. Notably, Bauer also expressly **recognized that defendants owed fiduciary duties to GBT** in a December 19, 2016 email to Dunkel and GBT's other agents.[2]

16.   GBT is a publicly-owned company which has investments in various enterprises. The proposed sale of Preway was presented as a sale of a turn-key operating division of Petrey with ownership and control of all assets required to operate the business. However, it was later realized that Bauer, Jackson, RWJ and Petrey had all conspired with each other to defraud GBT regarding the assets. GBT later sued defendants for, among other things, fraud, and misrepresentation.[3]

17.   On or around August 2017, Petrey was sold to RWJ. Plaintiff is informed and believes, and thereon alleges, that RWJ was incorporated for the sole purpose of serving as a sham shell company to insulate Preway from liability and in anticipation of the proposed sale to GBT. As further described herein, RWJ was formed by Bauer and Jackson, who were also the alter-ego(s) of RWJ.

18.   In August 2017, defendants and GBT were in negotiations to purchase Preway from RWJ. It was anticipated that Jackson and Bauer were to play a managerial and consulting role in the continued operation of Preway under GBT ownership.[4]

19.   Bauer and Jackson, in anticipation of their employment by GBT, started to provide advice to GBT which GBT substantially relied upon. Bauer and Jackson started to

---

[2] A true and correct copy of the December 19, 2019 Email is attached hereto as **Exhibit 1.**

[3] A true and correct copy of the Second Amended Cross-Complaint is attached hereto as **Exhibit 2.**

[4] *See* **Exhibit 1**.

MAC:15687-003 4190649_4 11/12/2020 3:42 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

assume duties as managers of GBT. Thereafter, Bauer started incurring costs and expenses, putatively on behalf of GBT.

20.     Bauer directed his personal attorney, Hennen Ehrenclou ("Ehrenclou"), to draft an employment agreement for Bauer (the "Executive Employment Agreement").[5] Bauer had used Mr. Ehrenclou previously for other matters, which was never disclosed by Bauer or by Mr. Ehrenclou. Bauer used GBT funds to pay Mr. Ehrenclou.

21.     To the extent that Mr. Ehrenclou was not representing GBT, **defendants stole the funds from GBT to pay Mr. Ehrenclou**. Notably defendants, as well as Mr. Ehrenclou failed to inform GBT of the conflict of interest in representing both the buyer and seller in the transaction, as well as Mr. Ehrenclou's former representation of Bauer prior to the transaction. GBT later resolved the matter with Mr. Ehrenclou who was released from the case. However, defendants' pattern and scheme of stealing funds from GBT to pay defendants' legal fees is important as will be further described below, since defendants have repeatedly engaged in fraud and the diversion of GBT and UGO funds.

22.     On or about September 1, 2017, GBT entered into an Asset Purchase Agreement with RWJ to purchase Preway and its related assets (the "Assets").[6] GBT incorporated UGO as a wholly-owned subsidiary for the purpose of operating and managing the acquired Assets under the transaction (the "Transaction").

23.     After the Transaction closed, Bauer became the CEO of GBT and the operation of UGO was conducted by Petrey's employees, using the same employees, in the same location, with the same bank accounts, and under Petrey's name. In short, other than vesting the assets under GBT ownership, nothing from an operational standpoint was changed, not even the bank accounts.

---

[5] A true and correct copy of the Executive Employment Agreement is attached hereto as **Exhibit 3,** and incorporated by reference as if fully set forth herein.

[6] A true and correct copy of the Asset Purchase Agreement is attached hereto as **Exhibit 4.**

MAC:15687-003 4190649_4 11/12/2020 3:42 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

24. After the operations continued for some time, a new bank account under the name of Ugopherservices (the "UGO Account") was established and used for paying expenses, but Petrey's employees and Bauer remained in control of it and managed and controlled all revenue from the business. GBT is informed and believes that defendants diverted revenues to Petrey, who continued to collect the revenues from the Preway business that was supposed to pay money to UGO, who was supposed provide the net income to its parent company, GBT. Put simply, defendants built an intricate web of self-dealing and fund-commingling, all at the expense of GBT and UGO, and all for the purpose of defrauding and concealing the true status of UGO operations from GBT and other interested third-parties.

25. From the start, Jackson and Bauer had exclusive control of the UGO operations, because all the employees were leased from Petrey, and Petrey had control of the income information and cash-flows, and as well was as the possession of all revenue and control of in the actual operation of the UGO business. Tellingly, some of the employees were actually relatives of Jackson and Bauer, who had no clear duties or employment purpose. It was later realized that the employees were actually working for Petrey and were acting at its instructions and for its benefit and at the expense of GBT. The UGO Account and all other banking accounts were kept in Petrey's control and name.

26. Not only did Petrey fail to render any accounting of income and expense to GBT, Bauer and Jackson never pressed, pressured or asked for those accountings to be prepared or distributed to GBT during the period of time of Bauer's employment with GBT. They still have not been delivered the same.

27. What is worse, defendants instructed Petrey and its employees to stop providing any information to GBT. Eventually, GBT discovered that the revenues and profits were not as promised, and that they were potentially being siphoned off by Bauer and Jackson.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

28.     After GBT purchased the Preway assets, an accountant was hired by Bauer on behalf of UGO to handle the accounting of the Preway income and expenses. Keep in mind that Bauer was the acting CEO of GBT and UGO at this time, as well as RWJ. Put simply, Bauer and Jackson had full power, control and autonomy over the appointed accountant. After the accountant was first hired, she provided profit and losses statements. Even though GBT was supposed to have purchased a turn-key business that would make a profit, GBT had to send $750,000 to UGO to pay Petrey. Yet, GBT never received any income from Petrey or UGO.

29.     Monies from GBT's revenues stream were diverted by Bauer to pay he and Jackson's personal attorneys. GBT was not being represented by said attorneys, yet it was later found out that Bauer and Jackson had been using GBT's revenue stream from UGO and the UGO Account to pay his personal legal expenses. To add insult to injury, the Bauer and Jackson were paying these attorneys to sue GBT, as further described below.

30.     In or around May 2018, Bauer resigned as CEO of GBT.[7] Thereafter, he served as a consultant, basically holding UGO as a hostage.[8] However, after stepping down as CEO, Bauer failed to turn over the corporate records and other documents regarding UGO and the UGO Account. Bauer also failed to turn over stock certificates.

31.     In or around January 2019, defendants retained California attorney, Wolfgang F. Hahn, Esq. ("Hahn"),[9] to sue GBT over the Assets and related transaction.[10]   Defendants are still being represented by Mr. Hahn in impending California litigation, which has since

---

[7] A true and correct copy of the Bauer Resignation Letter Bauer/GBT Consultant Agreement is attached hereto as **Exhibit 5.**

[8] A true and correct copy of Bauer/GBT Consultant Agreement is attached hereto as **Exhibit 6,** and is hereby incorporated by reference.

[9] Mr. Hahn's attorney licensee profile is available at the California State Bar's website, and indicates that his license is, at this point, currently active. *See* The State Bar of California, Attorney licensee profile, available at: http://members.calbar.ca.gov/fal/Licensee/Detail/61385 (last visited Nov. 11, 2020).

[10] A true and correct copy of an Accounting of Hahn Charges is attached hereto as **Exhibit 7.**

MAC:15687-003 4190649_4 11/12/2020 3:42 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

been removed to the U.S. District Court, Central District of California – Western Division (Case No. 2:20-cv-09399-RGK-AGRx).

32.     Internal audits by GBT in 2019 revealed that Jackson, Bauer, and RWJ were also using GBT/UGO Accounts to fund their litigation against GBT for all of 2019.[11] Starting in January 2019, defendants used GBT/UGO accounts to pay Mr. Hahn approximately $10,000 per month.[12] In 2019 alone, **defendants had stolen at least $122,596.06, all of which was paid directly to their attorney, Mr. Hahn**.[13] At this stage in the litigation, it is not clear whether or not Mr. Hahn was directly aware of defendants' scheme to pay him from GBT funds which is why Plaintiff has not yet named Mr. Hahn in this case. However, depending on the evidence received in discovery, Plaintiff reserves all rights to amend its complaint to include Mr. Hahn as a proper party to this case depending on the evidence supporting the same.

33.     Regardless of whether Mr. Hahn is names a party later in this case or not, defendants cannot use Mr. Hahn (or anyone else for that matter) to shield themselves from their own fraudulent and wrongful conduct. GBT is informed and believes, and thereon alleges, that defendants used these GBT/UGO funds pay attorney's fees and costs incurred by defendants. These funds should either be disgorged or repaid by defendants as being unearned and paid fraudulently. Defendants are directly adverse to GBT, yet defendants used/stole/diverted GBT and/or UGO funds to bankroll the very same litigation against GBT.

34.     Petrey is now again doing busines as Preway and UGO.  As such, Jackson, Bauer, and RWJ have diverted assets that were sold to GBT and are now wrongfully competing with GBT and UGO. In addition, email addresses on the website include the

---

[11] *Id.*

[12] *Id.*

[13] *Id.*

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:15687-003 4190649_4 11/12/2020 3:42 PM

domain of "prewaysales.com" which if a user clicks on the former prewaysales.com link, the user is taken to the www.myugoonline.info website.

35.     After he was no longer the CEO of GBT, Bauer admitted on a website named "advisorycloud" that he "was the Executive Director of WL Petrey dba UGO/Preway for 13 years, before it was sold to Gopher Protocol." Nonetheless, he claims that Preway has "expanded its reach into over 14,000 retail location across the US and is developing a new business relationship that will take into Mexico and South America in the coming year." **This is evidence that defendants have also converted the assets of GBT by its use of the Preway Assets**.

36.     On September 18, 2020, GBT sold all the shares, and certain specified liabilities of UGO to a third party. The behavior and liabilities created by defendants compelled this sale by GBT. However, UGO has unconditionally transferred, conveyed and assigned to GBT and/or its assigns, any and all claims, rights, causes of action, privileges, damages and potential recovery interests related to the harm suffered by UGO as described herein.

37.     GBT notified UGO's bank ("BBVA"), as well as other vendors, about the sale of UGO, and instructed them to direct further deposits and payments to UGO's bank account ("New UGO Account").[14] Plaintiff is informed and believes, and thereon alleges that defendants instructed UGO's bank and vendors to refuse GBT's requests.

38.     UGO's new owner personally visited the BBVA branch. It was there he learned that defendants had instructed BBVA and other vendors to wire UGO funds to other accounts in defendants' control. Thus, Plaintiff is informed and believes, and thereon alleges, that even after the sale of UGO, defendants **continued** their fraudulent scheme of converting GBT's business and funds, even after UGO was sold by GBT.

39.     GBT is informed and believes, and on that basis alleges, that there exists, and at all times herein mentioned there existed, a unity of interest in ownership between

---

[14] A true and correct copy of the Notice is attached hereto as **Exhibit 8.**

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:15687-003 4190649_4 11/12/2020 3:42 PM

defendants and RWJ such that individuality and separateness between defendants and RWJ has ceased, and that RWJ is the alter ego of Jackson, Bauer, and Petrey in that:

a.    RWJ is, and at all times herein mentioned was, a mere shell and sham without capital or assets and, at relevant times did not have a bank account. RWJ was conceived, intended and used by Bauer, Jackson, and Petrey as a device to avoid individual liability and for the purpose of substituting a financially insolvent corporation in the place of Bauer, Jackson, and Petrey. RWJ is, and at all times herein mentioned was, so inadequately capitalized that, compared with the business to be done by RWJ, and the risks of loss attendant thereto, its capitalization was illusory.

b.    Bauer, Jackson, and Petrey completely controlled, dominated, managed and operated RWJ, the business of RWJ was carried out without meetings or records, Bauer, Jackson, and Petrey entered into personal transactions with RWJ, ignored and abused corporate laws and requirements, stole and converted funds, embezzled funds, and continued to operate business even after RWJ was terminated by the Alabama SOS.[15]

c.    Adherence to the fiction of the separate existence of RWJ as an entity distinct from Bauer, Jackson, and Petrey, would permit the abuse of limited liability privilege and would sanction fraud and would result in an injustice and harm to others.

## CAUSES OF ACTION

## FIRST CLAIM FOR RELIEF

### (Violations of NRS 207.400 -- Against all Defendants)

40.    Plaintiff, re-alleges, and incorporates each and every paragraph contained above as though fully set forth herein.

41.    Pursuant to NRS 207.470, any person who is injured in his or her business or property by reason of any violation of NRS 207.400 has a cause of action against a person causing such injury for three times the actual damages sustained. An injured person may

---

[15] A true and correct copy of the RWJ SOS Termination is attached hereto as **Exhibit 9**.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1   also recover attorney's fees in the trial and appellate courts and costs of investigation and

2   litigation reasonably incurred.

3       42.    The defendants, and each of them, engaged in conduct that is in violation of

4   NRS 207.400, including but not limited to:

5       a.    Siphoning GBT and UGO funds companies to pay for their own

6   personal expenses, including their own attorney's fees and costs;

7       b.    Diverting funds from GBT's revenues stream to pay the Mr.

8   Ehrenclou and Mr. Hahn;

9       c.    Retaining profits and revenues of GBT and UGO;

10      d.    Embezzling funds from UGO Accounts;

11      e.    Concealing UGO financial records;

12      f.    Altering UGO financial records; and

13      g.    Directing their agents and assigns to withhold material information

14  regarding UGO and the Assets.

15      43.    Accordingly, defendants engaged in racketeering activities as defined in NRS

16  207.390 and a racketeering enterprise as is defined in NRS 207.380 by engaging in at least

17  two (2) crimes related to racketeering. These violations include, but are not limited to:

18  embezzlement of money or property valued at $650 or more as defined in NRS 207.360;

19  obtaining possession of money or property valued at $650 or more as defined in NRS

20  207.360; obtaining a signature by means of false pretenses as defined in NRS 207.360; and

21  engaging fraudulent fraud activities consistent with NRS 90.570 and 91.230.

22      44.    Defendant's activities have the same or similar pattern, intent, results,

23  accomplices, victims, or methods of commission, or otherwise interrelated by distinguishing

24  characteristics and are not isolated events. Defendants were employed by or associated with

25  GBT and UGO. Defendants also acquired or maintained directly or indirectly an interest in

26  GBT and UGO.

27

28

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:15687-003 4190649_4 11/12/2020 3:42 PM

45.     GBT's injuries flow from the defendant's violation of a predicate Nevada RICO act. Plaintiff's injury was be proximately caused by the defendant's violation of the predicate act. Plaintiff did not participate in the commission of the predicate act.

46.     Plaintiff is entitled to institute a civil action for recovery of treble damages proximately caused by the RICO violations. NRS 207.470(1).

47.     As a result of defendants' conduct described herein, Plaintiff has been harmed and has suffered direct injury to its business and property; and this harm was by reason of' defendants' RICO violations.

## SECOND CLAIM FOR RELIEF

### (Breach of Contract – Against Bauer)

48.     Plaintiff, re-alleges, and incorporates each and every paragraph contained above as though fully set forth herein.

49.     Valid contracts (offer, acceptance, consideration) existed between GBT and Bauer, including but not limited to, the Consulting Agreement and Executive Employment Agreement.

50.     Concurrently with the sale of Assets, GBT and Bauer entered into the Executive Employment Agreement and Bauer assumed the duties of the CEO of GBT. These duties included, without limitation, the following:

a.     Bauer assumed fiduciary duties with GBT, including without limitation, the duty of complete honesty and loyalty;

b.     Bauer was required to provide competent and professional management of GBT and was required to act, appear, and conduct himself in a sober and professional manner at all times;

c.     Bauer was required to supervise the employees and operations of GBT and was required to be present during normal office hours and as required and desired before and thereafter;

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:15687-003 4190649_4 11/12/2020 3:42 PM

d.      Allowing and/or actively participating in the fraud as alleged in the First Cause of Action for Fraud as set forth above;

e.      Bauer was prohibited from self-dealing and/or usurping corporate opportunities;

f.      Bauer was required to maintain communication with GBT, its owners, and board of directors;

g.      Bauer was required to perform the duties of the CEO of GBT in a diligent, efficient and lawful manner; and

h.      Bauer was required to abide by the GBT's rules, regulations and practices.

51.      More specifically, in pertinent part, the Executive Employment Agreement states as follows:

> **Company and Employee [Bauer] agree that Employee shall perform in a diligent, efficient and lawful manner any and all duties that are customarily performed by the Chief Executive Officer for the Company.** Employee agrees to abide by Company's rules, regulations, and practices, including those concerning work schedules, vacation and sick leave, as they may from time to time be adopted or modified. [emphasis added]

52.      Additionally, since Bauer breached his fiduciary duty by using his attorneys to draft the Executive Employment Agreement, it must be interpreted in favor of GBT and/or Bauer is estopped from disputing GBT's interpretation and Bauer's duty under said agreement must be interpreted in the broadest possible manner.

53.      After the sale transaction closed, Bauer assumed his duties under the Executive Employment Agreement.

54.      GBT performed all of their obligations under the Executive Employment Agreement except for those that have been excused.

55.      Bauer breached his duties under the Executive Employment Agreement by including, without limitation, the following:

a.      Allowing and/or actively participating in the fraud as alleged in the Second Amended Cross-Complaint;

MAC:15687-003 4190649_4 11/12/2020 3:42 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

b.      Allowing and/or actively participating in the breaches of contract and unjust enrichment, as alleged herein;

c.      Self-dealing with regard to the sale of the Assets and by diverting related stock warrants into their own ownership;

d.      Self-dealing with regard to the contracts with Petrey by allowing it to use the assets of GBT and UGO for its own benefit thereby enriching themselves at Plaintiff expense;

e.      Drafting the Executive Employment Agreement to Bauer's benefit and at the expense of GBT;

f.      By preventing Petrey from providing and/or instructing Petrey to refuse to provide an accounting to GBT and UGO regarding the services it had provided as well as GBT's funds held and or managed by Petrey;

g.      By failing to complete the corporate formalities for UGO and/or never providing the corporate records and stock certificates to GBT;

h.      Diverting funds from GBT's revenues stream to pay the Mr. Ehrenclou;

i.      Diverting funds from GBT's revenues stream to pay the Mr. Hahn;

j.      Failing to inform GBT regarding the above; and

k.      Competing with GBT and UGO.

56.     Bauer's breaches of the Executive Employment Agreement were the proximate cause of damages to GBT in an amount in excess of $7,500,000.

57.     On or about May 17, 2018, Bauer resigned as CEO of GBT based upon personal health reasons. Bauer, holding UGO hostage, entered into a Consulting Agreement (the "Consulting Agreement") whereby Bauer agreed to provide consulting services to GBT as an independent contractor regarding prepaid financial services and related matters. Bauer was required to perform to the standards of the industry regarding consulting, pro-vide

useful and valuable advice, and was required to devote a reasonable amount of time and effort to the task.

58.    GBT performed its obligations regarding the Consulting Agreement except those that were excused.

59.    Bauer breached its obligations and duties under the Consulting Agreement by, without limitation, the following:

    a.  Failing to provide any useful consulting services;

    b.  Failing to perform to the standards of the industry regarding consulting;

    c.  Failing to provide useful and valuable advice;

    d.  Failing to provide any written reports;

    e.  Failing to comport himself in a professional manner;

    f.  Failing to communicate with GBT, its board, its managers, and CEO;

    g.  Failing to devote a reasonable amount of time and effort to the task;

    h.  Failing to complete the corporate formalities of UGO and/or never providing the corporate records and stock certificates to GBT;

    i.  Stealing corporate assets; and

    j.  By preventing Petrey from providing and/or instructing Petrey to refuse to provide an accounting to GBT regarding the services it had provided as well as GBT's funds held and/or managed by Petrey.

60.    Bauer's breaches of the Consulting Agreement were the proximate cause of damages to GBT in an amount in excess of $250,000.

61.    Bauer also breached said contracts by engaging in illegal activities, including but not limited to:

    a.  siphoning GBT and UGO funds companies to pay for his own personal expenses, including their own attorney's fees and costs;

MAC:15687-003 4190649_4 11/12/2020 3:42 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

b.       diverting funds from GBT's revenues stream to pay the Mr. Ehrenclou and Mr. Hahn;

c.       retaining profits and revenues of GBT and UGO; embezzling funds from UGO Accounts;

d.       concealing UGO financial records;

e.       altering UGO financial records; and

f.       directing his agents and assigns to withhold material information regarding UGO and the Assets.

62.    As a direct and proximate result of Bauer's material breach of the contract, GBT has been forced to obtain an attorney to protect its legal rights, and has incurred attorney's fees and costs as a result.

### THIRD CLAIM FOR RELIEF

### (Unjust Enrichment – Against Jackson)

63.    Plaintiff repeats, re-alleges, and incorporates each and every paragraph contained above as though fully set forth herein.

64.    GBT and UGO conferred benefits upon Jackson.

65.    Jackson appreciated those benefits.

66.    Jackson accepted and retained those benefits under circumstances such that it would be inequitable for him to retain the benefits without payment for the value thereof.

67.    As a direct and proximate cause of Jackson's unjust retention of benefits, Plaintiff has been damaged in an amount to be determined at trial.

68.    As a direct and proximate result of Jackson's unjust retention of benefits, Plaintiff has been forced to obtain an attorney to protect its legal rights, and has incurred attorney's fees and costs as a result.

/ /

/ /

/ /

MAC:15687-003 4190649_4 11/12/2020 3:42 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

## FOURTH CLAIM FOR RELIEF

### (Unjust Enrichment – Against Petrey)

69.  Plaintiff repeats, re-alleges, and incorporates each and every paragraph contained above as though fully set forth herein.

70.  GBT and UGO conferred benefits upon Petrey.

71.  Petrey appreciated those benefits.

72.  Petrey accepted and retained those benefits under circumstances such that it would be inequitable for it to retain the benefits without payment for the value thereof.

73.  As a direct and proximate cause of Petrey's unjust retention of benefits, Plaintiff has been damaged in an amount to be determined at trial.

74.  As a direct and proximate result of Jackson's unjust retention of benefits, Plaintiff has been forced to obtain an attorney to protect its legal rights, and has incurred attorney's fees and costs as a result.

## FIFTH CLAIM FOR RELIEF

### (Deceptive Trade Practices – NRS 598.0915 – Against All Defendants)

75.  Plaintiff repeats, re-alleges, and incorporates each and every paragraph contained above as though fully set forth herein.

76.  Defendants fraudulently altered contracts, written statement of charges, or other documents in connection with the sale or lease of goods or services.

77.  Defendants knowingly made false representations in transactions with UGO and GBT.

78.  As a direct and proximate result of defendants' deceptive trade practices under NRS 598.0915, Plaintiff has been damaged in an amount to be determined at trial.

79.  As a direct and proximate result of defendants' deceptive trade practices under NRS 598.0915, which were characterized by fraud, oppression, or malice, express or implied, Plaintiff is entitled to punitive damages, in an amount to be proven at trial.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:15687-003 4190649_4 11/12/2020 3:42 PM

## SIXTH CLAIM FOR RELIEF

### (Breach of Fiduciary Duty – Against All Defendants)

80.     Plaintiff repeats, re-alleges, and incorporates each and every paragraph contained above as though fully set forth herein.

81.     Once the contract negotiations for the sale of the Assets progressed to the point that it included hiring Bauer as the CEO and GBT became committed to the transaction (the documents just needed to be finalized) which was in or about May - June 2017 and thereafter when the transaction closed, Bauer functioned as a consultant and then the CEO of GBT and assumed fiduciary duties with GBT and UGO.

82.     Beginning at the same time, Jackson started functioning as a consultant for GBT and UGO and also assumed fiduciary duties with GBT and UGO. As such, Jackson owed fiduciary obligations to GBT and UGO, without limitation, a duty of absolute honesty, disclosure, and loyalty as well as a duty to avoid any self-dealing.

83.     Beginning at the same time, Petrey started functioning as a partner with GBT and UGO, and also assumed fiduciary duties with GBT and UGO. As such, Petrey owed fiduciary obligations to GBT and UGO, without limitation, a duty of absolute honesty, disclosure, and loyalty as well as a duty to avoid any self-dealing.

84.     In fact, as set forth in the mail dated December 19, 2019, Bauer, on behalf of Petrey and Jackson, **acknowledged the fact that defendants owed fiduciary duties to Plaintiff**.[16]

85.     Moreover, as further alleged herein, Jackson, Bauer, and Petrey functioned as alter-ego(s) of RWJ.

86.     GBT and UGO relied on defendants' advice and consultation with regard to the negotiations and drafting the documents and did not have an attorney representing it regarding the drafting the agreements and the documents which were only reviewed by its

---

[16] *See* **Exhibit 1,** attached hereto.

MAC:15687-003 4190649_4 11/12/2020 3:42 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

SEC compliance attorney for the purpose of drafting the required disclosures and other SEC compliance issues.

87.     While Petrey provided some of its records and spreadsheets presumably to be used for exhibits to the agreement, **defendants were aware that the information provided was incorrect** and incomplete and that complete and accurate exhibits were not agreed to nor were they attached to the agreement. Defendants failed to inform and warn GBT and UGO regarding the inaccurate and incomplete information provided by Petrey.

88.     The employment agreement for Bauer was drafted by Mr. Ehrenclou at defendants' direction (the "Executive Employment Agreement"). Bauer also breached his fiduciary duties by diverting funds from GBT and UGO's revenue streams to pay the Mr. Ehrenclou.

89.     In the current litigation in California, defendants are represented by Mr. Hahn, yet GBT and UGO funds were diverted to compensate Mr. Hahn who represented defendants.

90.     Defendants breached their fiduciary duties to GBT and UGO regarding the sale transaction, consulting services and subsequent operation of UGO and management of GBT including, without limitation, as follows:

a.     Allowing and/or actively participating in the fraud as alleged in the Second Amended Cross-Complaint;[17]

b.     Allowing and/or actively participating in the breaches of contract and unjust enrichment, as alleged herein;

c.     Self-dealing with regard to the sale of the Assets and by diverting related stock warrants into their own ownership;

d.     Self-dealing with regard to the contracts with Petrey by allowing it to use the assets of GBT and UGO for its own benefit thereby enriching themselves at Plaintiff expense;

_____

[17] *See* **Exhibit 2**.

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:15687-003 4190649_4 11/12/2020 3:42 PM

e.      Drafting the Executive Employment Agreement to Bauer's benefit and at the expense of GBT;

f.      By preventing Petrey from providing and/or instructing Petrey to refuse to provide an accounting to GBT and UGO regarding the services it had provided as well as GBT's funds held and or managed by Petrey;

g.      By failing to complete the corporate formalities for UGO and/or never providing the corporate records and stock certificates to GBT;

h.      Diverting funds from GBT's revenues stream to pay the Mr. Ehrenclou;

i.      Diverting funds from GBT's revenues stream to pay the Mr. Hahn;

j.      Failing to inform GBT regarding the above; and

k.      Competing with GBT and UGO.

91.     As a proximate cause of defendants' breaches of fiduciary duty, Plaintiff has been damaged in an amount to be proven at trial.

92.     The aforementioned conduct of defendants was oppressive, fraudulent and malicious, thereby entitling Plaintiff to an award of exemplary and punitive damages in an amount to be proven at trial.

## SEVENTH CLAIM FOR RELIEF

### (Conversion – Against All Defendants)

93.     Plaintiff repeats, re-alleges, and incorporates each and every paragraph contained above as though fully set forth herein.

94.     Beginning at the time he became a consultant and CEO of GBT, Bauer wrongfully paid the Mr. Ehrenclou the sum of $85,000 from GBT's funds which were converted to his use and which were used to pay the bill for Bauer's representation and for his own benefit. No services were rendered, no property was transferred, and no benefit accrued to GBT, in return for said payments. Bauer took control of and converted this sum for to his own use, rather than for the benefit of GBT. Bauer also took possession and title to

MAC:15687-003 4190649_4 11/12/2020 3:42 PM

a truck that were to be included in the Assets sold by RWJ, and converted it to his own use instead of turning it over to GBT. Bauer also failed to turn over a number of stock certificates of UGO to GBT.

95.     Internal audits by GBT in 2019 revealed that defendants were also using GBT/UGO accounts to fund their litigation against GBT for all of 2019. Starting in January 2019, defendants used GBT/UGO accounts to pay Mr. Hahn approximately $10,000 per month.  In 2019 alone, defendants had stolen at least $122,596.06, all of which was paid directly to their attorney, Mr. Hahn.

96.     GBT is informed and thereon alleges that defendants used these GBT/UGO funds pay attorney's fees and costs incurred by defendants. These funds should either be disgorged or repaid by defendants as being unearned and paid fraudulently. Defendants and were directly adverse clients in the same litigation, yet defendants took these GBT/UGO funds and used the same to fund their litigation against GBT.

97.     The value of the converted funds and property at the time of the conversion(s) was an amount in excess of $300,000 and Plaintiff is entitled to an award in said amount.

98.     The aforementioned conduct of defendants was oppressive, fraudulent and malicious, thereby entitling Plaintiff to an award of exemplary and punitive damages in an amount to be proven at trial.

### EIGHTH CLAIM FOR RELIEF

### (Civil Conspiracy – Against All Defendants)

99.     Plaintiff repeats, re-alleges, and incorporates each and every paragraph contained above as though fully set forth herein.

100.     Defendants agreed and intended to accomplish an unlawful objective for the purpose of harming GBT and UGO by, without limitation: Siphoning GBT and UGO funds companies to pay for his own personal expenses, including their own attorney's fees and costs; diverting funds from GBT's revenues stream to pay the Mr. Ehrenclou and Mr. Hahn;

MAC:15687-003 4190649_4 11/12/2020 3:42 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

retaining profits and revenues of GBT and UGO; embezzling funds from UGO Accounts; concealing UGO financial records; altering UGO financial records; and directing his agents and assigns to withhold material information regarding UGO and the Assets.

101. Defendants, and each of them, acted in concert in civilly conspiring to commit the above-identified wrongful acts or torts.

102. As a direct and proximate cause of defendants' civil conspiracy, Plaintiff has been damaged in an amount to be proven at trial.

103. As a direct and proximate result of the defendants' civil conspiracy, which was characterized by fraud, oppression or malice, express or implied, Plaintiff is entitled to an award of punitive damages, in an amount to be proven at trial.

## NINTH CLAIM FOR RELIEF

### (Aiding and Abetting – Against All Defendants)

532. Plaintiff repeats, re-alleges, and incorporates each and every paragraph contained above as though fully set forth herein.

533. Defendants intentionally and substantially assisted or encouraged the others' conduct in breaching their duties to UGO and GBT.

534. Defendants' duties to UGO and GBT were actually breached.

535. As a direct and proximate result of defendants' aiding and abetting, Plaintiff has been damaged, in an amount to be proven at trial.

536. As a direct and proximate result of defendants' aiding and abetting, which was characterized by fraud, oppression or malice, express or implied, Plaintiff is entitled to an award of punitive damages, in an amount to be proven at trial.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues in this case.

/ /

/ /

/ /

MAC:15687-003 4190649_4 11/12/2020 3:42 PM

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against defendants as follows:

1.      Judgment in its favor and against defendants, and each of them, on all of its causes of action, in an amount to be proven at trial;

2.      For an award of punitive damages against defendants in an amount to be proven at trial;

3.      For an award of reasonable attorney fees;

4.      For costs of suit;

5.      For pre-judgment interest;

6.      For post-judgment interest; and

7.      For any further relief as the Court deems to be just and proper.

Dated this 12th day of November, 2020.

MARQUIS AURBACH COFFING


By */s/Alexander K. Calaway*
        Brian R. Hardy, Esq.
        Nevada Bar No. 10068
        Alexander K. Calaway, Esq.
        Nevada Bar No. 15188
        10001 Park Run Drive
        Las Vegas, Nevada 89145
        Attorney(s) for Plaintiff

MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

MAC:15687-003 4190649_4 11/12/2020 3:42 PM