# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| GBT TECHNOLOGIES, INC., | 2:20-cv-02078-APG-VCF |
| Plaintiff, | |
| vs. | **ORDER** |
| ROBERT WARREN JACKSON, *et al.*, | Motion to Quash (ECF No. 57) |
| Defendants. | |

Before the Court is defendants Robert Warren Jackson, RWJ Advanced Marketing LLC, and Gregory Bauer's motion to quash subpoena issued to attorney Wolfgang Franz Hahn. (ECF No. 57) The Court denies the motion to quash for lack of jurisdiction (*Id.*) and vacates the hearing set for this motion (ECF No. 64).

**I.    Background**

GBT brings claims against multiple defendants but this motion only concerns three of the defendants (Jackson, RWJ, and Bauer): GBT brings claims against these three defendants for violations of NRS 207.400 and 598.0915 – (Racketeering and Deceptive Trade Practices), breach of contract, unjust enrichment, breach of fiduciary duty, conversion, civil conspiracy, and aiding and abetting. (ECF No. 1). GBT alleges that Bauer and Jackson proposed a sale of a company called Preway to GBT, but GBT later learned that Bauer, Jackson, RWJ (and other defendants) conspired with each other to defraud GBT regarding Preway and other assets. (*Id.* at 5). GBT is involved in another ongoing lawsuit regarding similar issues, originally in State Court in Los Angeles County, but now removed to the Central District of California (Case No. 20-cv-09399-RGK-AGRx ("California action"). (ECF No. 1-3). In the California action, these three defendants are allegedly represented by attorney Wolfgang Hahn. (ECF No. 1 at 8).

1

GBT alleges in the complaint in this Court that in the California action, defendants used GBT accounts they had access to, to litigate against GBT (i.e. GBT alleges that the defendants used GBT's funds to pay attorney Hahn $10,000 per month to sue GBT). (*Id.* at 9). GBT alleges that the defendants have paid attorney Hahn about $122,596.06 worth of money that they stole from GBT in the California action. (*Id.*)

On April 15, 2021, plaintiff allegedly served a subpoena on attorney Hahn requesting to take his deposition and seeking documents related to consideration he received from June 2016 to present from the defendants (including documents related to the California action). (ECF No. 58-1 at 8-10). GBT served this subpoena on attorney Hahn in La Jolla, California. (*Id.* at 2).

Attorney Hahn now represents the three defendants in this case. The three defendants argue in their motion to quash GBT's subpoena seeking to take Hahn's deposition and to produce documents that other means exist to obtain the information that GBT seeks. (ECF No. 57). GBT argues in its response that it needs various documents from attorney Hahn and it needs to depose him to determine whether he had knowledge that the funds he received to litigate against GBT came from GBT's accounts. (ECF No. 61). Defendants argue in the reply that attorney Hahn received payments from his clients via Real Time Credit from Paypal. (ECF No. 62 at 3).

The defendants rely on Federal Rule of Civil Procedure 45(d)(3)(A) and (B). (See ECF No. 57 at 2-3) ("Pursuant to Fed. R. Civ. P. 45(d)(3)(A) and (B) and applicable case law, plaintiff GBT's subpoena seeking non-resident defendants' counsel Hahn's testimony and a [sic] production of documents should be quashed.") Neither party addresses whether this Court has jurisdiction over this issue per FRCP 45 in their briefing.

**II.    Analysis**

Rule 45 requires any motions or applications related to a subpoena be brought *in the district*

*where compliance is required.*[1] Rule 45(d)(3)(A)(iii) states "[o]n timely motion, *the court for the district where compliance is required* must quash or modify a subpoena that… (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies." Rule 45(d)(3)(A)(iii) (emphasis added); see also Adv. Comm. Notes to 2013 Amendment, Rule 45 ("Under Rules 45(d)(2)(B), 45(d)(3), and 45(e)(2)(B), subpoena-related motions and applications are to be made to the court where compliance is required under Rule 45(c).") (emphasis added). Rule 45(d)(3)(B)(i) has the same language, it states, "[t]o protect a person subject to or affected by a subpoena, *the court for the district where compliance is required* may, on motion, quash or modify the subpoena if it requires…(i) disclosing a trade secret or other confidential research, development, or commercial information." Rule 45(d)(3)(B)(i)(emphasis added).

"[W]hen a motion to quash a subpoena is filed in a court other than the court where compliance is required, that court lacks jurisdiction to resolve the motion". *Agincourt Gaming, LLC v. Zynga, Inc.*, No. 2:14-cv-0708-RFB-NJK, 2014 U.S. Dist. LEXIS 114348, at 6 (D. Nev. Aug. 15, 2014), citing to *KGK Jewelry LLC v. ESDNetwork*, 2014 U.S. Dist. LEXIS 38630, 2014 WL 1199326, 3 (S.D.N.Y. Mar. 21, 2014)(Denying plaintiff KGK's motion to quash third party subpoenas for lack of jurisdiction per Rule 45). "Rule 45 makes clear that the place of compliance is tethered to the location of the subpoenaed person.". *Id*., citing to Fed. R. Civ. P., Rule 45(c)(2)(A) (the place of compliance must be "within 100 miles of where the person resides, is employed, or regularly transacts business in person").

GBT allegedly served attorney Hahn with the instant subpoena in La Jolla, California. Defendants have failed to supply any legal authority to ignore Rule 45's requirement that the motion to

---

[1] Rule 45(d)(1) (As to avoiding undue burden or expense on the party subject to the subpoena, *"[t]he court for the district where compliance is required* must enforce this duty"); (d)(2)(B)(i) (As to an order compelling production "the serving party may move *the court for the district where compliance is required*"); (e)(2)(B) (As to information produced that is subject to claims of privilege or protection as trial preparation material, "present the information under seal to the court *for the district where compliance is required*") (emphasis added).

quash must be filed in the district where compliance is required (i.e. in the appropriate United States District Court in California, not in this District). Since this Court lacks jurisdiction to rule on the pending motion to quash, it must deny this motion to quash.[2] Since the Court denies this motion for lack of jurisdiction, the scheduled hearing for this motion is vacated.

Accordingly,

IT IS ORDERED that defendants Robert Warren Jackson, RWJ Advanced Marketing LLC, and Gregory Bauer's motion to quash subpoena issued to attorney Wolfgang Franz Hahn (ECF No. 57) is DENIED.

IT IS FURTHER ORDERED that the hearing currently set for June 17, 2021 at 1:00 pm (ECF No. 64) is VACATED.

DATED this 14th day of June 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

---

[2] Rule 45(f) imbues the discretion to transfer subpoena-related motions *with the district court where compliance is required.* See Fed. R. Civ. P., Rule 45(f) ("When the court where compliance is required did not issue the subpoena, it *may* transfer a motion under this rule to the issuing court" (emphasis added)). As this motion is pending in the wrong court, Rule 45(f) does not provide a means for transferring this motion.