1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

GBT TECHNOLOGIES, INC.,

                    Plaintiff,

    vs.

ROBERT WARREN JACKSON, et al.,

                    Defendants.

Case Number: 2:20-cv-02078-APG-VCF

**PRELIMINARY INJUNCTION**

[ECF Nos. 74, 75]

       GBT Technologies, Inc., (Plaintiff) has moved for a temporary restraining order (ECF No. 74), for a preliminary injunction, and for other equitable relief (ECF No. 75). Plaintiff alleges that defendants Gregory Bauer, Robert Warren Jackson, and RWJ Advanced Marketing, LLC (RWJ) (collectively RWJ Defendants), and defendant W.L. Petrey Wholesale Company, Inc., using the services of third parties ECS Prepaid, LLC (ECS) and SurgePays Inc. (Surge) (collectively ECS Parties), are engaged in an ongoing scheme to divert funds from Ugopherservices Corp (UGO). Plaintiff seeks to stop the continued diversion of funds from UGO and to appoint a special master.

       I have considered the Plaintiff's complaint, the motions and related papers, and the arguments of counsel at the December 21, 2021 hearing. I make the following findings and conclusions:

       1.     Plaintiff is likely to succeed on the merits of its conversion claim against the RWJ Defendants. Plaintiff is likely to succeed in showing that the RWJ Defendants are engaged in an ongoing scheme to divert funds from UGO using ECS's services, an allegation the RWJ Defendants deny.

       2.     This injunction does not apply to W.L. Petrey Wholesale, Inc. (Petrey).

       3.     ECS provides automated clearing house (ACH) portal access to independent sales organizations (ISOs), which use ECS to pay for and activate prepaid products at store terminals and then facilitate transfers of funds between stores and ISOs. ECS is a wholly owned subsidiary of Surge.

4.      Surge uses ECS's ACH payment capability to pay for the products and services it receives from Interactive Communications International, Inc. (ICI) and its affiliate Hi Technology Corp. (collectively referred to as InComm).[1]  Surge purchases products under a contract with ICI, for which the amounts due are remitted via ACH to a bank account identified or controlled by Mr. Bauer or his designated entity.[2]

5.      It appears that the UGO funds at issue originate from a stream of commissions that UGO is supposed to receive as an ISO.[3]

6.      Around November 8, 2020, ECS began sending these commissions to the RWJ Defendants via ACH payment to a bank account designated by Mr. Bauer.[4]

7.      The net commissions due to the RWJ Defendants is an amount equal to 0.25% of the value of products and services Surge purchases from InComm. [5] Since November 8, 2020, the commissions have been paid to the account identified or controlled by Bauer, along with the purchase price of InComm's goods and services when prepaid products (such as gift cards, wireless cards, or other prepaid cards) are sold and activated at the store terminals.[6]

8.      Plaintiff disputes and seeks to restrain the commissions payable to each of the ISO identifier numbers in ECS's system that are associated with the RWJ Defendants, including but not limited to UGO's ISO identifier, #36993 (hereinafter collectively the UGO Funds).[7]

---

[1] ECF No. 81-2, at pg. 2 ¶ 5.

[2] *Id.* ¶ 6.

[3] ECF No. 74-1.

[4] ECF No. 75-8 at 11:13-21.

[5] ECF No. 81-2 at 2 ¶ 7.

[6] *Id.*; *see also* ECF No. 75-8 at 11:13-21.

[7] ECF No. 74-4 at 8:5-8.

1        9.        It appears that, since late 2017, these UGO Funds have been transferred to at

2   least three different bank accounts controlled by the RWJ Defendants.

3        10.       In 2020, Mr. Lighthouse, Ltd. (Lighthouse) acquired 100% of the outstanding

4   shares of UGO.[8]  Shortly thereafter, Lighthouse's manager demanded that the RWJ

5   Defendants turn over all UGO funds.  Plaintiff contends that the RWJ Defendants began

6   using ECS' services to divert all UGO Funds into the RWJ Defendants' own bank account.

7   It appears that as of July 22, 2021, the diversions totaled at least $149,000, and funds are

8   still being diverted by the RWJ Defendants through the use of ECS's platform.[9]

9        11.       Prior to the December 21, 2021 hearing, the RWJ Defendants, ECS, and

10  Surge refused Plaintiff's requests to cease the ongoing diversion of UGO Funds.[10]

11        12.       Absent a preliminary injunction, Plaintiff is likely to suffer irreparable harm

12  due to the RWJ Defendants' ongoing dissipation of UGO Funds using ECS's services.

13  *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 321 F.3d 878, 881 (9th Cir. 2003).

14  Further, because the RWJ Defendants have diverted the UGO Funds to several different

15  bank accounts they control, there is a strong indication that the RWJ Defendants may

16  completely dissipate or conceal the assets before Plaintiff can recover a judgment against the

17  RWJ Defendants. *Id.*

18        13.       The harm to Plaintiff in denying a narrow injunction outweighs the harm to

19  the legitimate interests of the RWJ Defendants, Surge, and ECS from granting such relief.

20        14.       The public interest weighs in favor of granting the relief specified in this

21  injunction.

22        I THEREFORE ORDER that Plaintiff's motion for preliminary injunction and other

23  equitable relief **(ECF No. 75) is GRANTED in part** as described in this Order.  Plaintiff's

24  motion for temporary restraining order **(ECF No. 74) is DENIED as moot**.

25

26  [8] ECF No. 74-5

27  [9] ECF No. 74-12 at 5 ¶ 4.

28  [10] ECF Nos. 74-6; 74-7; 74-10; *see also* ECF No. 86 at 3-4.

1    I FURTHER ORDER that the ECS Parties, including their banking institutions,

2 officers, agents, servants, employees, and attorneys, and all other persons acting in active

3 concert or participation with the ECS Parties, must immediately cease the payment of any

4 commission portion of the UGO Funds related to the unique ISO identifier #36993 in the

5 ECS system.  Rather, they must hold those commissions separate until they can be deposited

6 into a blocked account as described below.

7    I FURTHER ORDER Plaintiff to open a blocked account for the receipt of

8 commissions from the UGO Funds within 14 days of this Order and to provide information

9 for ECS Parties to remit into the blocked account all commission payments withheld.  No

10 party may withdraw funds from this blocked account without permission of this court, and

11 the blocked account will be funded by the ECS Parties' deposit of commissions calculated

12 from December 21, 2021 through the date of this Order.  Thereafter, and for the duration of

13 this preliminary injunction, the ECS Parties will remit into the blocked account the portion

14 of the UGO Funds that are identified as the commissions paid to each of the ISO identifier

15 numbers in ECS's system associated with the RWJ Defendants, including the ISO identifier

16 #36993 in the ECS system.

17    I FURTHER ORDER that on a biweekly basis, the ECS Parties will provide a

18 written account of the commissions calculated and paid into the blocked account.

19    I FURTHER ORDER that, for the avoidance of doubt, nothing in this order enjoins,

20 prohibits, or limits the ECS Parties from making payments to InComm for goods or services

21 used in the course of Surge's business, or requires the ECS Parties to direct into a blocked

22 account payments by the ECS Parties for bona fide goods and services.

23    I FURTHER ORDER Plaintiff to deposit a bond of $1,000.00 with the clerk of the

24 court as security for this preliminary injunction within five days of notice of entry of this

25 order.

26 / / / /

27 / / / /

28 / / / /

1       I FURTHER ORDER that Plaintiff's request for the appointment of a special master

2  to monitor and account for the UGO funds is DENIED without prejudice.

3       Dated this 28th day of January, 2022, *nunc pro tunc* to December 21, 2021.

 

 

_____

Andrew P. Gordon
UNITED STATES DISTRICT COURT JUDGE